PER CURIAM:
These claims were submitted for decision based upon the pleadings, and upon a written stipulation.
The claimants, by their counsel, William B. McGinley, and respondent, by its counsel, Brentz Thompson, entered into a stipulation. The parties, in the stipulation, agreed to the following facts:
The claimants are employed by the West Virginia Department of Education (hereinafter for the Department) as teacher aides assigned to the Special Education Unit of the Colin Anderson Center.
All claimants were employed as teacher aides between March and September 1984 as a result of the respondent assuming educational responsibility for Medley class members in facilities of the Department of Health. Claimants had formerly been employed by the Department of Health as therapy aides, psychiatric aides or houseparents.
When hired by respondent the grievants were allowed prior experience credit for pay purposes only for years worked in the education program of the Department of Health.
Subsequently, five additional aides were hired by the respondent who were granted prior experience pay credit for years worked at the Colin Anderson Center but not in the educational program of the Department of Health.
The State Superintendent of Schools approved the salaries including the additional experience credit granted to the five new aides, and the State Board of Education paid those salaries.
*94 The claimants, as employees of the West Virginia Department of Education, have a grievance procedure available to them that was established by the legislature and set out in WV Code §18-29-1 et seq. The procedure contains four levels, with the last level consisting of a full hearing before a hearing examiner of the Education Employees Grievance Board.
Claimants sought relief through the statutory grievance procedure and received a favorable decision at Level Four written by Hearing Examiner Sue Keller on June 13, 1986. In that decision, Examiner Keller held that:
The grievants are entitled to salary adjustment granting credit for years of employment earned at the Center, effective as of the date of the policy change.
The respondent adjusted the salaries accordingly following the date of the Hearing Examiner's decision, but has not adjusted the salaries from the date of the change in the "experience credit policy" (i.e. the date of hire for the first additional aide) to the date of the decision.
The Court, having reviewed the pleadings and stipulation filed in this action, is of the opinion that, in equity and good conscience, the following awards should be made:
Scott A. Brown $ 556.00
Betty Craven $1641.60
Cindy S. Jeffers $2736.00
David Lancaster $820.80
Anthony A. MacFarlane $556.00
Carol J. McCutcheon $2736.00
Tamara Sanford $1504.00
Elizabeth J. Stuart $3830.40
Elizabeth Anne Wolfe $2508.00
However, there has been no appropriation of funds from which these claims may be paid. In that respect, these claims bear some similarity to the factual situation in Airkem Sales and Service, et al. vs. Dept. of Mental Health, 8 Ct.Cl. 180 (1971) in which an appropriation had been exceeded by expenditures.
Claims Disallowed.